No. 45,895

The State of Kansas, *Appellee,* v. August Eugene Mader, a/k/a Gene Mader, *Appellant.*

(472 P. 2d 236)

Opinion filed July 17, 1970.

*Lelyn J. Braun,* of the firm of Corley, Braun & Smith, of Garden City, argued the cause and was on the brief for the appellant.

*David L. Patton,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: The question here is whether—under all the facts and circumstances hereafter related—imposition of sentence and denial of probation constituted "cruel and unusual punishment."

On October 22, 1969, defendant August Eugene Mader, also known as Gene Mader, entered a plea of guilty to the charge of unlawful possession and control of a narcotic drug, in violation of K. S. A. 65-2502.

Pursuant to K. S. A. 65-2519a he was sentenced to confinement in the state penitentiary for a term of not less than one (1) nor more than seven (7) years. An oral application for probation [K. S. A. 62-2227 (4)] was set down for hearing on October 30. At that hearing defendant introduced medical testimony as to his physical condition. The application was denied.

Defendant immediately filed a notice of appeal and made application to this court for a stay of execution of the sentence pending disposition of the appeal [K. S. A. 1969 Supp. 62-1724 (b)]. He

filed the required bond and—in the meantime—execution of the sentence has been stayed.

Two grounds of appeal are alleged.

The first is that sentence was imposed under an unconstitutional statute (K. S. A. 65-2519a) and that sentence should have been imposed under the misdemeanor statute (K. S. A. 65-2519). Upon oral argument however, counsel conceded this point was without merit and it was abandoned.

The other contention is that under the circumstances and in view of defendant's physical condition the denial of his application for probation and incarceration in the penitentiary constitutes the imposition of "cruel and unusual punishment" in violation of the 8th amendment to the federal constitution and section 9 of the Kansas Bill of Rights.

From the briefs and oral argument of this appeal the uncontradicted facts of this case appear to be as follow.

Defendant, who is 30 years of age, had previously served time in the penitentiary on a conviction of grand larceny. At the time of his arrest on the narcotic drug offense in October 1969 his home was searched under authority of a search warrant. A quantity of hashish (defendant refers to it as marijuana) was found, together with pills, pipes for smoking hashish, and scales for weighing hashish. He had been living with an 18 year old girl, who—we are told—also was convicted on an identical narcotic drug charge.

For some time defendant had been suffering from "Hodgkin's Disease" involving the spleen. At the hearing of his application for probation on October 30 a physician testified that his prognosis was very poor in that his disease was "terminal" and that he had not long to live. At the conclusion of the hearing the trial court—in denying probation—stated—

"The Court sometimes is moved to deliver what sometimes is referred to as a lecture or dissertation on the rights of society as compared with the rights of a defendant, but suffice it to say that the Court denies this application for probation and directs the defendant be taken to the State Penitentiary in accordance with the sentence herein with a full medical report of his condition.

"There comes a time when some people have to be removed from society for the benefit of society, and in this case for the immediate benefit of minors, including a known eighteen-year-old girl. The defendant, knowing his condition, instead of getting his life in order, has indulged in such activities as we can't tolerate in society. We have tolerated these things too long. There must be a stopping place."

On the facts related we are called upon to hold that incarceration of defendant will amount to the infliction of "cruel and unusual punishment".

We decline to so hold—for several reasons—among them being the matters mentioned by the trial court in denying probation. We also have no doubt but that defendant—if incarcerated in the penitentiary—will receive needed medical attention and that if the facts warrant—proper action will be taken by the authorities for his early release. In view of all the circumstances it may not be said that imposition of the sentence and denial of probation constituted "cruel and unusual punishment". On the general subject see *State v. Coutcher*, 198 Kan. 282, 424 P. 2d 865 and *State v. Kilpatrick*, 201 Kan. 6, 439 P. 2d 99.

The judgment is affirmed.